25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Wilma F. MEISTER, Debtor,
H. Richard MILLER, Appellant,
v.
Wilma F. MEISTER, Appellee.
 No. 93-1393.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before us as an ostensible appeal from an order of the district court sitting as an appellate court in bankruptcy. Although appellant has provided us with an insufficient record on appeal, we glean from the district court's order appellant had filed in the bankruptcy court a complaint to determine the dischargeability of a debt. That complaint was evidently dismissed as a sanction for failure to follow orders of the bankruptcy court. Nevertheless, appellant chose, as he does in this court, to ignore that dismissal and argue instead the bankruptcy court erred in rulings denying his motion for summary judgment. Consequently, the district court affirmed the judgment of the bankruptcy court because appellant failed to demonstrate error in the only appealable judgment of the bankruptcy court.
 
 
 3
 In this appeal, Mr. Miller has ignored the ruling of the district court as he ignored the ruling of the bankruptcy court. He fails to perceive the bankruptcy court's order denying his motion for summary judgment in the bankruptcy court did not lead to the disposition of his case, nor does he appear to understand the only justiciable issue is whether the bankruptcy court erred in dismissing the case.
 
 
 4
 Once again, Mr. Miller persists only in attacking the summary judgment rulings of the bankruptcy court. Once again, he fails to show why the dismissal in the bankruptcy court was erroneous. Once again, he fails to demonstrate why the order appealed from was entered in error. Once again, the judgment on appeal is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470